UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE HERSHEY COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| HERSHEY CHOCOLATE & | ) |
| CONFECTIONERY CORPORATION | ) Case No.: _____ |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| ART VAN FURNITURE, INC. | ) |
| | ) |
| Defendant. | ) |

Francis R. Ortiz, P31911
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
Telephone: (313)223-3690
Facsimile: (313)223-3598
FOrtiz@dickinson-wright.com

Jonathan G. Polak, 21954-49 (Indiana)
Amy L. Wright, 22241-49 (Indiana)
Trent J. Sandifur, 23118-71 (Indiana)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana  46204
Telephone: (317) 713-3500
Facsimile:  (317) 713-3699
jpolak@taflaw.com
awright@taftlaw.com
tsandifur@taftlaw.com

Counsel for Plaintiffs, The Hershey Company and
Hershey Chocolate & Confectionery Corporation

**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

For their causes of action against Defendant, Plaintiffs, THE HERSHEY COMPANY ("Hershey's Company") and HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION ("Hershey's Chocolate") (hereinafter, collectively referred to as "Hershey's") allege as follows:

**Introduction**

1. This is an action for injunction, damages, and other appropriate relief arising out of Defendant's violations of the Lanham Act, 15 U.S.C. §1114(a), 15 U.S.C. §1125(a) and 15 U.S.C. §1125(c), 15 U.S.C. §1117(c), as well as Defendant's State and common law trademark and trade dress infringement, acts of deception, unfair competition and conversion.

2. Hershey's, as holder and/or licensee of certain HERSHEY'S® and HERSHEY'S®-related federally registered trademarks and trade dress as well as other State and common law trademarks and trade dress (together and as further defined below, the "HERSHEY'S® TRADE DRESS") seeks relief, including relief to enjoin Defendant's wrongful use of the HERSHEY'S® TRADE DRESS in commerce.

**Parties, Jurisdiction, and Venue**

3. This Court's subject-matter jurisdiction is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (Federal Lanham Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

4. Hershey's Company and Hershey's Chocolate are corporations organized and existing under the laws of the State of Delaware.

5. Defendant Art Van Furniture, Inc. ("Defendant") is corporation with an address of 6500 14 Mile Road, Warren, Michigan 48092.

6. Defendant is a corporation organized under the laws of the State of Michigan.

7. This Court has personal jurisdiction over the Defendant.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b) and (c).

**Factual Allegations**

9. Hershey's incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

10. Hershey's and its affiliate companies are engaged in the primary business of manufacturing and selling chocolate, candy, confectionery and related products throughout the world, including the entire United States of America.

11. Hershey's is the owner of multiple federally registered trademarks and trade dresses, State registered trademarks and trade dresses, and trademarks and trade dresses that are protected by common law including, but not limited to, the following (hereinafter, the "HERSHEY'S® TRADE DRESS"):

(a) The famous HERSHEY'S trademark and related HERSHEY'S trade dress, including the immediately recognizable stylized lettering, design, brownish/maroon and silver color scheme, and overall product commercial impression, together, have been used in commerce by Hershey's or its affiliate companies in substantially similar form for more than a century in connection with HERSHEY'S® brand chocolate and related products.

(b) Examples of designs included in the HERSHEY'S® TRADE DRESS are depicted below:

 



12. The HERSHEY'S® TRADE DRESS is protected by a variety of State, federal, common laws and federal registrations, including but not limited to Reg. No. 916,802.

13. Hershey's and its affiliate companies have extensively used and promoted the HERSHEY'S® TRADE DRESS at considerable expense.

14. Hershey's has acquired significant goodwill and public recognition of the HERSHEY'S® TRADE DRESS.

15. The HERSHEY'S® TRADE DRESS has been used in commerce in substantially the same form for over a century, is immediately recognizable by consumers, and is one of the most famous trademarks in the United States.

16. Apart from chocolate-related sales, Hershey's maintains a large and prosperous business of selling ancillary products bearing the HERSHEY'S® TRADE DRESS and licensing the right to other manufacturers to sell products bearing the HERSHEY'S® TRADE DRESS. Hershey's license are in a wide area of products, including products used in the home. Consistent with its obligations in connection with protecting the HERSHEY'S® TRADE DRESS, Hershey's establishes and maintains standards of high quality for Hershey's products.

17. Products bearing the HERSHEY'S® TRADE DRESS are extremely well known and, as a result of extensive sales and advertising, have come to mean, and are identified with, Hershey's and its affiliate companies only.

18. Hershey's use of the HERSHEY'S® TRADE DRESS is the exclusive method by which consumers can distinguish Hershey's products from similar or identical goods and services

produced or sold by others, including competitors.

19. The HERSHEY'S® TRADE DRESS is distinctive and/or has developed secondary meaning and significance in the minds of the purchasing public. Products bearing the HERSHEY'S TRADE DRESS are sold throughout the United States in a wide variety of retail channels including mass merchandisers and club, grocery, drug, convenience and mom and pop stores. The HERSHEY'S Trade Dress is more than famous – it is an American icon. Products bearing HERSHEY'S® TRADE DRESS are recognized by the purchasing public nationwide and are immediately identified by the purchasing public with Hershey, its affiliate companies, and their high-quality goods and services.

20. Hershey's has invested billions of dollars in building its brand identity. It has engaged in numerous creative and substantial advertising campaigns including its marks and trade dress at a cost of tens of millions of dollars a year. Hershey's has also organized and implemented a comprehensive licensing program that generates tens of millions of dollars in revenue from third-party use of Hershey's marks and trade dress. Hershey's products generally have produced billions of dollars in sales revenue.

21. As a result of the goodwill and immediate recognition of the HERSHEY'S® TRADE DRESS established by Hershey's as a result of its extensive sales and advertising of products bearing the HERSHEY'S® TRADE DRESS, the HERSHEY'S® TRADE DRESS has become highly valuable.

22. Upon information and belief, Defendant has engaged in the business of, among other things, utilizing the HERSHEY'S® TRADE DRESS in order to advertise, sell and distribute its products, including, but not limited to advertisements prominently displayed on Defendant's website, possibly billboards and on the sides of delivery trucks, such as the one depicted below:



Defendant's use is known at minimum to be two-fold. First, it has placed this advertisement on the side(s) of one or more trucks used in and around the eastern Michigan area. Second, it has placed a picture of the truck (as depicted above) on its website, www.artvan.com, in connection with an ongoing contest whereby visitors to the website can vote for their favorite truck (there are other trucks to choose from with various advertisements or ornamentations – See Exhibit "A" hereto for a copy of the contest website). The Hershey's truck (depicted above) is placed prominently on the contest webpage as option "A." This contest is advertised to run through October 31, 2008. It is unknown at this time whether the advertisement affixed to the truck has been used in other contexts.

23. Defendant's unauthorized use of the HERSHEY'S® TRADE DRESS is a deliberate effort to trade on Hershey's intellectual property rights.

24. In fact, newspaper articles written about Defendant's contest and the advertisement, specifically identified the image pictured above as a "chocolate-colored sofa partially wrapped like a Hershey Bar." (A true and correct copy of such a newspaper article is attached hereto as Exhibit "B").

25. Defendant has not received permission to utilize HERSHEY'S® TRADE DRESS from Hershey's or anyone acting on Hershey's behalf.

26. On or about September 25, 2008, (upon discovery of Defendant's unauthorized use of the HERSHEY'S® TRADE DRESS), Hershey's in-house legal department wrote Defendant and demanded that Defendant immediately cease and desist its unauthorized and illegal use of the HERSHEY'S® TRADE DRESS. (A true and correct copy of this letter is attached as Exhibit "C").

27. Hershey's demand to cease and desist was ignored, but on or about October 6, 2008, Mr. Robert Cudd, Vice President of Marketing for Defendant, contacted Hershey's and stated that he wanted to talk to someone in marketing to "get to the bottom" of the matter, because "the lawyers are just going to gum this thing up if we let them." Mr. Cudd made no effort to contact Hershey's legal department.

28. Hershey's attempted to return Mr. Cudd's telephone call, however, all return phone calls were ignored. Upon information and belief, on Friday, October 10th, the date Defendant's contest started, the infringement was displayed on Defendant's website.

29. On or about Friday, October 10, 2008, the undersigned counsel contacted Defendant and demanded that the infringing use of the HERSHEY'S® TRADE DRESS immediately cease.

30. The undersigned counsel's demand was also ignored; the infringement continued to remain prominently displayed on Defendant's website.

31. The undersigned counsel for Hershey's finally spoke with Mr. Mike Zambricki, in-house counsel for Defendant, on Monday, October 13, 2008. Mr. Zambricki insisted that Hershey's issue his client a license agreement for its use of the HERSHEY'S® TRADE DRESS.

32. When Hershey's refused to grant Defendant a license agreement, Mr. Zambricki stated that his client was unwilling to cease use of the HERSHEY'S® TRADE DRESS.

33. Upon information and belief, Defendant willfully and intentionally engaged in the foregoing business with the knowledge that the HERSHEY'S® TRADE DRESS is owned by and

26. On or about September 25, 2008, (upon discovery of Defendant's unauthorized use of the HERSHEY'S® TRADE DRESS), Hershey's in-house legal department wrote Defendant and demanded that Defendant immediately cease and desist its unauthorized and illegal use of the HERSHEY'S® TRADE DRESS. (A true and correct copy of this letter is attached as Exhibit "C").

27. Hershey's demand to cease and desist was ignored, but on or about October 6, 2008, Mr. Robert Cudd, Vice President of Marketing for Defendant, contacted Hershey's and stated that he wanted to talk to someone in marketing to "get to the bottom" of the matter, because "the lawyers are just going to gum this thing up if we let them." Mr. Cudd made no effort to contact Hershey's legal department.

28. Hershey's attempted to return Mr. Cudd's telephone call, however, all return phone calls were ignored. Upon information and belief, on Friday, October 10th, the date Defendant's contest started, the infringement was displayed on Defendant's website.

29. On or about Friday, October 10, 2008, the undersigned counsel contacted Defendant and demanded that the infringing use of the HERSHEY'S® TRADE DRESS immediately cease.

30. The undersigned counsel's demand was also ignored; the infringement continued to remain prominently displayed on Defendant's website.

31. The undersigned counsel for Hershey's finally spoke with Mr. Mike Zambricki, in-house counsel for Defendant, on Monday, October 13, 2008. Mr. Zambricki insisted that Hershey's issue his client a license agreement for its use of the HERSHEY'S® TRADE DRESS.

32. When Hershey's refused to grant Defendant a license agreement, Mr. Zambricki stated that his client was unwilling to cease use of the HERSHEY'S® TRADE DRESS.

33. Upon information and belief, Defendant willfully and intentionally engaged in the foregoing business with the knowledge that the HERSHEY'S® TRADE DRESS is owned by and

registered to Hershey's and that its use of the HERSHEY'S® TRADE DRESS was unauthorized.

34. Defendant's conduct of utilizing the HERSHEY'S® TRADE DRESS without permission is a deliberate attempt to trade on the valuable trademark rights and substantial fame and goodwill established by Hershey's and its affiliate companies.

35. Hershey's licenses its valuable trademarks and trade dress in a wide variety of products and industries, many of which are used in the home (just as Defendant's products are used in the home). Hershey's also has a comprehensive marketing campaign and that is both creative and robust. Advertising Hershey's trademarks and trade dress on the side of a delivery truck could be perceived by the consuming public as something that Hershey's would sponsor, endorse or affiliate itself with.

36. Upon information and belief, Defendant engaged in the foregoing acts with the intent that its use of the HERSHEY'S® TRADE DRESS would cause confusion, mistake, or deception among members of the general public, including wholesale and retail customers.

37. Defendant has traded on and profited from the enormous goodwill and reputation established by Hershey's and its predecessors in interest.

### Count I: Trademark Infringement

38. Hershey's incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

39. Defendant's conduct as described herein violates 15 U.S.C. §1114(1), which specifically forbids Defendant to:

    a. use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

    b. reproduce, counterfeit, copy, or colorable imitate a registered mark and apply

such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

40. Defendant's conduct also constitutes common law trademark and trade dress infringement.

41. The trade dress used by Defendant is confusingly similar to, and a colorable imitation of, the HERSHEY'S® TRADE DRESS, and infringes Hershey's trademark and trade dress rights and interests in same.

42. Defendant's unauthorized use of the HERSHEY'S® TRADE DRESS is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, or endorsement of Defendant's advertising and/or goods and services.

43. Upon information and belief, these wrongful acts were committed with knowledge that such imitation, as described was intended to be used to cause confusion, or to cause mistake, or to deceive, and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for their unlawful conduct.

44. As a result of Defendant's conduct, Hershey's has been damaged and is entitled to damages, including but not limited to, Defendant's profits from the infringing use, actual damages, statutory damages (if elected), treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

45. Defendant's willful and deliberate acts described above have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

## Count II: False Association, Sponsorship and Approval

46. Hershey's incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

47. Defendant's conduct as described herein violates 15 U.S.C. §1125(a)(1)(A) which specifically prohibits Defendant from making:

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

48. On information and belief, Defendant's acts of false designation of origin and unfair competition have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales and advertising attention that it would not otherwise have made but for its unlawful conduct.

49. Hershey's has been damaged and/or is likely to be damaged by the wrongful conduct of Defendant.

50. Defendant's violations of 15 U.S.C. § 1125(a) entitle Hershey's to recover damages, including but not limited to, Defendant's profits from the infringing use, actual damages, treble damages, statutory damages (if elected) corrective advertising damages, litigation costs, and attorneys' fees.

## Count III
## Trademark Dilution and Tarnishment

51. Hershey's incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

52. The HERSHEY'S® TRADE DRESS is distinctive and famous within the meaning of 15 U.S.C. § 1125(c), and was distinctive and famous prior to the date of Defendant's conduct challenged herein.

53. Defendant's conduct as set forth above violates 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006, in that it is likely to dilute and is diluting the distinctive quality of the HERSHEY'S® TRADE DRESS.

54. Defendant's use of the HERSHEY'S® TRADE DRESS is likely to create and has created an association between Defendant's products and the HERSHEY'S® TRADE DRESS, which impairs the distinctiveness of the HERSHEY'S® TRADE DRESS and lessens the capacity of the HERSHEY'S® TRADE DRESS to identify and distinguish products marketed and sold by Plaintiffs and its licensees under those marks.

55. To the extent that Defendant's products are viewed as being less than satisfactory to consumers, something which Hershey's has no ability to control, Plaintiffs' business reputation and goodwill and the reputation and goodwill associated with the HERSHEY'S® TRADE DRESS will be tarnished and injured.

56. Upon information and belief, Plaintiff willfully and in bad faith intended to profit from the HERSHEY'S® TRADE DRESS by trading on the valuable reputation of Hershey's and causing dilution of the distinctive quality of and tarnishing this famous trade dress.

57. Defendant's conduct as set forth above violates 15 U.S.C. §1125(c), in that Defendant willfully and in bad faith intended to profit from the HERSHEY'S® TRADE DRESS by trading on the valuable reputation of Hershey's and caused dilution of the distinctive quality of the HERSHEY'S® TRADE DRESS.

58. Defendant's violations of 15 U.S.C. §1125(c) entitle Hershey's to recover damages, including but not limited to, Defendant's profits from the infringing use, actual damages, treble damages, statutory damages (if elected) corrective advertising damage, costs of suit, and attorneys' fees.

59. Defendant's willful and deliberate acts described above have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

## Count V: Unfair Competition

60. Hershey's incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

61. Hershey's has existing contractual relationships which involve granting licenses to various manufacturers and distributors authorizing their manufacture and sale of various items that use or incorporate the HERSHEY'S® TRADE DRESS in their products.

62. Defendant's unlawful and unauthorized use of the HERSHEY'S® TRADE DRESS constitutes unfair competition with Hershey's and its licensees under State, federal and common law. Defendant's conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin of such unauthorized products. Defendant's conduct was, and continues to be, calculated to cause damage to Hershey's in its lawful business and done with the unlawful purpose of causing such damage without right or justifiable cause.

63. Defendant's conduct as described herein has directly and proximately caused Hershey's and its licensees to incur substantial monetary damages.

64. Defendant acted willfully and maliciously and with full knowledge of the adverse effect of this wrongful conduct upon Hershey's and its licensees and with conscious disregard for the rights of those parties.

65. Defendant's unfair competition entitles Hershey's to recover damages including, but not limited to, Defendant's profits from the infringing use, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

### Count VI: Conversion

66. Hershey's incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

67. The HERSHEY'S® TRADE DRESS is the property of Hershey's.

68. Defendant has knowingly and intentionally misappropriated and/or exerted dominion or control over the HERSHEY'S® TRADE DRESS to the exclusion of Hershey's and in violation of Hershey's rights.

69. Defendant acted willfully and maliciously and with full knowledge of the adverse effect of this wrongful conduct upon Hershey's and with conscious disregard for Hershey's rights.

70. Defendant's unlawful conversion entitles Hershey's to recover damages including, but not limited to, Defendant's profits from the sale of the converted property, actual damages, corrective advertising damages, punitive damages, costs of suit, and attorneys' fees.

### Jury Demand

Plaintiffs hereby demand a trial by jury.

### Request For Relief

**WHEREFORE**, Hershey's seeks the following relief:

A. A declaration that Defendant has:

(i) Violated 15 U.S.C. § 1114 and other statutory and common law authority by using HERSHEY'S® TRADE DRESS to advertise goods and services in violation of Hershey's rights; and

(ii) Violated 15 U.S.C. § 1125(a) and other statutory and common law authority by falsely designating the origin of goods or engaging in false or misleading descriptions or representations of fact with respect to the origin of goods in a manner likely to cause confusion, mistake or deception among consumers as to the affiliation, connection or association of Defendant and Defendant's goods with Hershey; and

(iii) Violated 15 U.S.C. § 1125(c) and other statutory and common law authority by willfully and in bad faith intending to profit from the HERSHEY'S® TRADE DRESS by trading on the reputation of the Hershey's and also caused dilution of the distinctive quality of the HERSHEY'S® TRADE DRESS; and

(iv) Engaged in unfair competition by causing confusion in the minds of consumers and the general public as to the source and sponsorship of goods sold by Defendant; and

(v) Exercised unlawful use of the HERSHEY'S® TRADE DRESS without the permission of Hershey's; and

(vi) Engaged in the unlawful conversion of Hershey's property without Hershey's consent.

B. A temporary restraining order, preliminary injunction and permanent injunction providing that, pursuant to 15 U.S.C. § 1116, Defendant and its owners, partners, officers, directors,

agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined during the pendency of this action, and permanently thereafter from:

    (i)    Infringing on the HERSHEY'S® TRADE DRESS in any manner, including but not limited to using the infringing advertisement in any form; and

    (ii)    Manufacturing, marketing, advertising, distributing, selling, promoting, licensing, exhibiting or displaying any product or service using the HERSHEY'S® TRADE DRESS or any copies or counterfeits thereof or anything confusingly similar thereto; and

    (iii)    Otherwise infringing on the HERSHEY'S® TRADE DRESS; and

    (iv)    Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendant's products are endorsed by Hershey's or any related company, sponsored by Hershey's or any related company, or are connected in any way with Hershey's or any related company; and

    (v)    Using the HERSHEY'S® TRADE DRESS in any manner whatsoever; and

    (vi)    Holding itself out as a licensee or otherwise authorized user of the HERSHEY'S® TRADE DRESS; and

    (vii)    Using the HERSHEY'S® TRADE DRESS in promotional literature or materials, including those posted on the Internet.

    C.    That, pursuant to 15 U.S.C. § 1118, Defendant be required to deliver to the Court, or to some other person that the Court may designate, for ultimate destruction, any and all articles of merchandise or other items in the possession or control of Defendant which might, if sold or distributed for sale, violate the injunction granted herein;

    D.    That, pursuant to 15 U.S.C. § 1117, Hershey's be awarded such damages available

under the Lanham Act, including but not limited to, actual damages, Defendant's profits, statutory damages (if elected), treble damages, costs of suit and attorneys' fees;

E. That Hershey's be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements and publications;

F. That Hershey's be awarded such other damages, including but not limited to, punitive damages, to which Hershey's may show itself entitled to recover;

G. All other just and proper relief.

Respectfully submitted,

/s/ Francis R. Ortiz
Francis R. Ortiz, P31911
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Telephone: (313)223-3690
Facsimile: (313)223-3598
fortiz@dickinson-wright.com

Jonathan G. Polak, 21954-49 (Indiana)
Amy L. Wright, 22241-49 (Indiana)
Trent J. Sandifur, 23118-71 (Indiana)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699
jpolak@taflaw.com
awright@taftlaw.com
tsandifur@taftlaw.com

Counsel for Plaintiffs, The Hershey Company and
Hershey Chocolate & Confectionery Corporation

TSH#924839

## VERIFICATION

    I, Lois Duquette, Senior Counsel for The Hershey's Company, hereby states on my personal knowledge and on penalty for perjury, that all factual statements contained herein are true and correct.

_____
Lois Duquette